IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 25-cv-02251-NYW-STV

SHAWANDA THOMAS,

    Plaintiff,

v.

TTEC SERVICES CORP.,

    Defendant.

## ORDER ON MOTION TO DISMISS

This matter is before the Court on Defendant TTEC Services Corp.'s Motion to Dismiss (the "Motion" or "Motion to Dismiss"). [Doc. 8]. The Court has reviewed the Motion to Dismiss and finds that oral argument would not assist in the Court's resolution of the Motion. For the following reasons, the Motion to Dismiss is respectfully **DENIED**.

## BACKGROUND

These facts are taken from Plaintiff's Complaint and are presumed true for purposes of this Order. Plaintiff Shawanda Thomas ("Plaintiff" or "Ms. Thomas") began working for Defendant TTEC Services Corp. ("Defendant" or "TTEC") in 2015 or 2016 as a remote customer service representative. [Doc. 1 at ¶ 1]. Ms. Thomas alleges that she is disabled as defined by the Americans With Disabilities Act ("ADA"), and further alleges that TTEC denied her reasonable accommodations with respect to her disabilities and/or terminated her due to her disabilities. [*Id.* at ¶ 5, 8–10, 13–14].

Ms. Thomas subsequently filed a charge with the Equal Employment Opportunity Commission ("EEOC"). [*Id.* at ¶ 4]. The EEOC sent Plaintiff a right-to-sue letter. [*Id.*].

Although the letter was "dated April 9, 2025," Plaintiff did not receive the letter until April 28, 2025. [*Id.*].

Plaintiff initiated this ADA case on July 22, 2025. See [*id.*].[1] Defendant now moves to dismiss the case under Rule 12(b)(6), arguing that Ms. Thomas failed to timely file this lawsuit after receipt of the EEOC's right-to-sue letter. See [Doc. 8].

## LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quotation omitted).

"Importantly, in assessing whether a plaintiff has stated a claim for relief, a court must restrict its review to only the 'allegations within the four corners of the complaint,' and cannot consider other pleadings or external allegations." *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025) (quoting *Waller v. City & County of Denver*, 932 F.3d 1277, 1286 n.1 (10th Cir. 2019)). However, a court "may also consider documents that a plaintiff (1) attaches to her complaint; (2) incorporates by reference in her complaint; or

---

[1] The Complaint contains no actual claims. See [Doc. 1]. However, in the Scheduling Order, Plaintiff states that she "brought one claim under the ADA for terminating her rather than providing her an accommodation." [Doc. 23 at 2]. The Court reminds Ms. Thomas that, as a represented party, she is not entitled to liberal construction of her filings. *See, e.g.*, *Rawle v. Wyo. Dep't of Corr. State Penitentiary Warden*, 390 F. App'x 769, 773 n.4 (10th Cir. 2010) (observing that liberal construction is not afforded to represented parties).

2

(3) refers to in her complaint and that are central to her complaint and indisputably authentic." *Cuervo v. Sorenson*, 112 F.4th 1307, 1312 (10th Cir. 2024).

## ANALYSIS

An ADA claim must be filed within 90 days of the date the plaintiff receives a right-to-sue letter from the EEOC. 42 U.S.C. §§ 2000e-5(f)(1), 12117(a).[2] TTEC argues that Ms. Thomas failed to comply with this requirement and her case should be dismissed as a result. [Doc. 8 at 1]. Specifically, it asserts that the right-to-sue letter "was issued on April 9, 2025," but because Plaintiff did not file her Complaint until July 22, 2025—104 days later—her case is untimely. [*Id.* at 6]. In her Response, Ms. Thomas disputes that she received the right-to-sue letter on April 9, 2025, relying in part on allegations that she did not receive the letter until April 28, 2025. [Doc. 9 at 2–3]; *see also* [Doc. 1 at ¶ 4].

"Compliance with the ninety-day filing requirement is not a jurisdictional prerequisite, but it is a statutory precondition to suit that functions like a statute of limitations." *Stambaugh v. Kan. Dep't of Corr.*, 844 F. Supp. 1431, 1433 (D. Kan. 1994) (citing *Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 859 (10th Cir. 1983)). "Typically, facts must be developed to support dismissing a case based on the statute of limitations." *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022). A statute of limitations defense may be addressed through a Rule 12(b)(6) motion only "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (quotation

---

[2] Through 42 U.S.C. § 12117(a), "Congress has directed the EEOC to exercise the same enforcement powers, remedies, and procedures that are set forth in Title VII of the Civil Rights Act of 1964 when it is enforcing the ADA's prohibitions against employment discrimination on the basis of disability." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 285 (2002).

omitted); *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) (a claim can be dismissed under Rule 12(b)(6) based on the statute of limitations "only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements").

The Court finds Defendant's argument premature, as the factual dispute over when Plaintiff received the right-to-sue letter cannot be resolved at the pleading stage. "The ninety-day limit begins to run on the date the complainant actually receives the EEOC right-to-sue notice." *Witt v. Roadway Express*, 136 F.3d 1424, 1429 (10th Cir. 1998). "When the EEOC emails a right-to-sue notice, receipt generally occurs when the email reaches the inbox of the party (or that of the party's counsel)." *Kandt v. City of Garden City*, No. 23-cv-02043-DDC-TJJ, 2025 WL 859865, at *4 (D. Kan. Mar. 19, 2025) (collecting cases). In line with this authority, Defendant's argument that Plaintiff's claim is untimely *assumes* that the right-to-sue letter arrived in Plaintiff's email inbox on April 9, 2025, and that Plaintiff simply failed to open the email until April 28, 2025. *See* [Doc. 8 at 6 ("[T]he only question is when Plaintiff 'received' the notice from the EEOC—*i.e.*, when the email arrived in Plaintiff's inbox. . . . On these facts, the question of timeliness is simply a question of law—whether 'receipt' means when the email arrives in Plaintiff's inbox or when Plaintiff unilaterally decides to open the email or download the NRTS from the EEOC portal.")]. This argument improperly assumes the existence of and relies on factual allegations not contained in Plaintiff's Complaint.

Ms. Thomas alleges that although the right-to-sue letter is *dated* April 9, 2025, she did not *receive* it until April 28, 2025. [Doc. 1 at ¶ 4]. Although Plaintiff does not expressly allege when or how the letter was sent, she was not required to do so: "a plaintiff is not

4

required to anticipate or plead against an affirmative defense." *Asebedo v. Kan. State Univ.*, 559 F. App'x 668, 671 (10th Cir. 2014). Plaintiff's Complaint could reasonably be construed to allege that the EEOC failed to actually remit the letter electronically to Plaintiff until April 28, 2025, such that she did not receive the letter until that date. *See* [Doc. 1 at ¶ 4]. Indeed, there appears to be, at a minimum, a factual dispute about when Plaintiff received the letter. *See* [Doc. 9 at 2–3]; *see also* [Doc. 9-2; Doc. 9-3].[3] This dispute cannot be resolved on a Rule 12(b)(6) motion. *See Laboy-Cardona v. Easter Seals Mich.*, No. 23-cv-10960-GAD, 2023 WL 8190692, at *3 (E.D. Mich. Nov. 27, 2023) (rejecting Rule 12(b)(6) argument that "rest[ed] on the erroneous assumption that Plaintiff ignored a notification from the EEOC or failed to open a link from the EEOC"); *Desius v. BWW Res. LLC*, No. 23-cv-06053-DGL, 2023 WL 3746336, at *3 (W.D.N.Y. June 1, 2023) (denying motion to dismiss where the date the plaintiff received the EEOC's letter was in dispute).

Alternatively, TTEC asserts that "to the extent Plaintiff alleges she only received the [right-to-sue letter] by mail, her claim is still untimely" because "[t]he Tenth Circuit has adopted a presumption 'that a claimant receives a right-to-sue letter three mailing days after the date [on the] notice.'" [Doc. 8 at 6 (quoting *Lombardi v. Advantage Logistics USA W.*, No. 11-cv-02467-DME-MJW, 2012 WL 2319094, at *2 (D. Colo. June 19, 2012) (alteration in original))]. But Plaintiff does not allege that the EEOC sent the letter via the

---

[3] Plaintiff's Response attempts to explain the timing issue by raising allegations not contained in the Complaint. *See* [Doc. 9 at 2–3]. Plaintiff cannot amend her Complaint or bolster her claim by raising new factual allegations in a response brief. *Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015). While the Court cannot and does not consider these new allegations substantively, they demonstrate the existence of a factual dispute that necessitates denial of the Motion to Dismiss.

5

mail or that she received the letter in the mail.  See [Doc. 1].  The Court cannot assume the existence of facts not alleged in the Complaint.  *Laboy-Cardona*, 2023 WL 8190692, at *3.

Moreover, the presumption of delivery "arise[s] *on evidence* that a properly addressed piece of mail is placed in the care of the postal service."  *Witt*, 136 F.3d at 1430 (emphasis added).  No such evidence has been or could be presented here at the pleading stage.  *See Orsaio v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 6:17-cv-00685-BKS-TWD, 2017 WL 11269341, at *6 (N.D.N.Y. Nov. 2, 2017) ("While the Court may consider the presumption [of delivery via U.S. mail] and any rebuttal on summary judgment, that inquiry calls forth materials outside the pleadings that cannot be considered on a motion to dismiss."); *cf. Gray v. Shelby Cnty. Bd. of Educ.*, No. 23-cv-02810-MSN-TMP, 2024 WL 5515752, at *8 (W.D. Tenn. Dec. 9, 2024) (at summary judgment, declining to apply presumption of delivery because there was "no indication the [right-to-sue] Letter was mailed" to the plaintiff).

Because Plaintiff's Complaint does not "make clear that the right sued upon has been extinguished," *Sierra Club*, 816 F.3d at 671, Defendant's argument is premature, *Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014).  For this reason, the Motion to Dismiss is respectfully **DENIED**.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)     Defendant TTEC Services Corp.'s Motion to Dismiss [Doc. 8] is **DENIED**.

DATED:  February 5, 2026                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge

7